T.C. Memo. 1997-249

UNITED STATES TAX COURT

THOMAS J. GAFFNEY AND ANNE F. GAFFNEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13092-96.                          Filed June 3, 1997.

Thomas J. and Anne F. Gaffney, pro se.

<u>Gary W. Bornholdt</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:    This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 1993 in the amount of $4,242.

After a concession by petitioners,[2] the issue remaining for decision is whether petitioners must include in gross income original issue discount that accrued during 1993.

This case was submitted fully stipulated under Rule 122. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in West Islip, New York, on the date the petition was filed in this case.

Petitioners maintained a brokerage account with Bear, Stearns Securities Corp. (Bear, Stearns) during 1993. Their brokerage account holdings included original issue discount debt instruments and stripped bonds. The record does not reveal the issuance date of the debt instruments or the stripped bonds, or the date on which they were acquired by petitioners.

Bear, Stearns issued a consolidated Form 1099-INT-DIV-MISC-OID-1099B (Form 1099) that reported $14,847.50 of original issue discount that had accrued on petitioners' holdings in 1993. Petitioners failed to report the accrued original issue discount on their 1993 joint Federal income tax return. Respondent issued

---

[2] In their petition to the Court, petitioners failed to address respondent's determination that they received and failed to report dividend income in the amount of $16. We deem petitioners to have conceded this issue. Rule 34(b)(4). Respondent's adjustment to petitioners' miscellaneous itemized deductions is computational and will be resolved by the Court's holding on the issue in this case.

a statutory notice of deficiency that increased petitioners' 1993 interest income by $14,845 to reflect the unreported original issue discount.[3]

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) includes in gross income all income from whatever source derived. The amount of any item of gross income shall be included in the gross income for the taxable year in which it is received by the taxpayer under the taxpayer's method of accounting. Sec. 451(a). Petitioners use the cash receipts and disbursements method to compute their income. See sec. 446(c)(1). Generally, under the cash receipts and disbursements method, all items which constitute gross income, whether in the form of cash, property, or services, are to be included for the taxable year in which actually or constructively received. Sec. 1.446-1(c)(1)(i), Income Tax Regs. However, special rules exist under sections 1271 through 1275 for the ratable inclusion of original issue discount in respect of certain corporate obligations. Sec. 1.451-1(d), Income Tax Regs.

---

[3] The difference between the original issue discount amount reported on the Form 1099 and the amount determined in the statutory notice of deficiency is due to rounding.

Section 1272(a)(1) requires the holder of any debt instrument having original issue discount issued after July 1, 1982, to include in gross income an amount equal to the sum of the daily portions of the original issue discount for each day during the taxable year on which the holder held such debt instrument.[4]  Original issue discount is defined as the excess, if any, of the stated redemption price at maturity over the issue price.  Sec. 1273(a).  Furthermore, section 1286(a) provides for a stripped bond to be treated as a bond originally issued on the purchase date and having an original issue discount equal to the excess of the stated redemption price at maturity over such bond's ratable share of the purchase price.

Petitioners argue that because they use the cash receipts and disbursements method of accounting they should not be required to include the disputed amount of original issue discount in their gross income until they actually receive the original issue discount.  We disagree with petitioners.  Section 1272(a)(1) clearly requires the holder of a debt instrument issued at a discount to include in gross income for the taxable

---

[4]    The requirement that debt instrument holders include original issue discount in income ratably over the life of the instrument was first enacted by the Tax Reform Act of 1969, Pub. L. 91-172, sec. 413, 83 Stat. 487, 609, as former section 1232(a)(3).  This requirement was carried forward as former section 1232A(a)(1) by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 231, 96 Stat. 324, 496.  The language of section 1272(a)(1), enacted by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 41, 98 Stat. 494, 531, is substantively identical to former section 1232A(a)(1).

year the amount of the accrued discount allocable to the portion of the taxable year in which he or she held such debt instrument. See <u>Security Bank Minn. v. Commissioner</u>, 994 F.2d 432, 436 (8th Cir. 1993), affg. 98 T.C. 33 (1992). The rationale for inclusion is that "Earned original issue discount serves the same function as stated interest * * * it is simply 'compensation for the use or forbearance of money.'" <u>United States v. Midland-Ross Corp.</u>, 381 U.S. 54, 57 (1965) (quoting <u>Deputy v. du Pont</u>, 308 U.S. 488, 498 (1940).

We find that petitioners have failed to prove that sections 1271 through 1275 do not apply to their debt instruments having original issue discount, or that the amount of accrued original issue discount reported on the Form 1099 is erroneous. After considering petitioners' other arguments and finding them to be without merit, we hold that petitioners must include in gross income their original issue discount that accrued during 1993. Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.